**Mary Lou RICCI, Plaintiff,**

v.

**APPLEBEE'S NORTHEAST, INC., Defendant.**

No. CIV.03–28–B–W.

United States District Court, D. Maine.

Feb. 11, 2004.

Charles E. Gilbert, III, Gilbert & Greif, P.A., Bangor, ME, for Marylou Ricci, Plaintiff.

Amy M. Fowler, Blackwell, Sanders, Peper, Martin, Paul F. Pautler, Jr., Blackwell, Sanders, Peper, Martin, Kansas City, MO, Richard G. Moon, Moon, Moss, McGill, & Shapiro, P.A., Portland, ME, Julie Reinke Somora, Blackwell, Sanders, Peper, Martin, Megan M. Belcher, Blackwell, Sanders, Peper, Martin, Kansas City, MO, Melinda J. Caterine, Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Applebees Northeast Inc, dba Applebees Neighborhood Grill & Bar, Defendants.

Gregory P. Dorr, Farrell, Rosenblatt & Russell, Bangor, ME, for Grill Concepts, Inc., Movant.

## ORDER GRANTING DEFENDANT'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE HOSTILE WORK ENVIRONMENT AND RETALIATION CLAIMS

WOODCOCK, District Judge.

On December 22, 2003, this Court issued a decision, denying Defendant Applebee's Motion for Summary Judgment. On January 8, 2004, Applebee's filed a Motion for Clarification and/or Reconsideration of the Order. Plaintiff Ricci has objected to Ap-

plebee's Motion. Applebee's motion raises two issues: (1) whether plaintiff's hostile work environment cause of action remains pending; and, (2) whether plaintiff's retaliation claim remains pending. The Court GRANTS Applebee's Motion for Clarification and/or Reconsideration; however, the Court denies Applebee's the substantive relief it seeks.

## I. Hostile Work Environment Claim

In its motion, Applebee's contended it was entitled to summary judgment on the hostile work environment claim. In her response, Ricci stated that she was not claiming "that she left her employment at Applebee's solely because of the hostile work environment" and that the hostile work environment case law cited by Applebee's was "inapposite." *Pl.'s Responsive Memorandum* at 10–11. She failed to respond directly to the hostile work environment claim as an independent cause of action, but asserted Applebee's hostile work environment as evidence of its improper motive in her claim of constructive discharge.[1] The Court interpreted Ricci's response as a waiver of the hostile work environment claim. However, the Court ruled that Ricci could seek to introduce evidence of a hostile work environment as evidence of Applebee's improper motive in her constructive discharge claim.

Ricci's response to Applebee's instant motion clarifies that she did not intend to waive the hostile work environment claim. Because the Court did not reach the hostile work environment claim as an independent cause of action in its Order on Motion for Summary Judgment, it will do so now.

▮ In her Complaint, Ricci alleged she had been subjected to a "hostile work environment on the basis of her age" and that

as a result, she had been denied transfers, promotions, and suffered a constructive discharge. *Pl.'s Complaint* at 5, 8. The Complaint itself contains only one count, a claim under the Maine Human Rights Act, and is not divided into separate theories. The theory of "hostile work environment" is premised on the notion that a series of discriminatory events of "intimidation, ridicule, and insult" may foster an adverse employment action if the conduct is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," even where none of the individual occurrences alone rise to the level of an adverse employment action. *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (internal quotation marks and citation omitted). The "accumulated effect of incidents" can amount to a hostile work environment over time. *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (1st Cir.2001).

▮ Although no "mathematically precise test" is used to determine whether a plaintiff has presented sufficient evidence that he was subjected to a hostile work environment, *Kosereis v. Rhode Island,* 331 F.3d 207, 216 (1st Cir.2003), the pattern of conduct complained of must be "(1) characterized by intimidation, ridicule and insult, not just minor unpleasantness or criticism, (2) offensive to the complainant precisely because of his or her membership in a protected class, *and* (3) sufficiently burdensome to materially alter the conditions of the complainant's employment." *White v. New Hampshire Dep't of Corrections*, 221 F.3d 254, 259–60 (1st Cir. 2000) (emphasis added). To support a claim of hostile work environment, the dis-

---

1. In its Memorandum, Applebee's raised the constructive discharge and hostile work environment claims under the same heading. In responding to the constructive discharge por-

tion of the heading, Ricci's response appeared to be directed to the constructive discharge argument to the exclusion of the hostile work environment cause of action.

criminatory harassment must be "severe or pervasive," based on all the circumstances, including "the frequency and severity of the discriminatory conduct, whether the conduct was physically threatening or humiliating, whether the conduct unreasonably interfered with the employee's work performance, and the effect of the conduct on the employee's psychological well-being." *Che v. Mass. Bay Trans. Auth.*, 342 F.3d 31, 40 (1st Cir.Aug.26, 2003). Whether the harassment is "sufficiently severe" or "pervasive" requires an objective analysis of the circumstances based on "common sense, and an appropriate sensitivity to social context." *Mulvihill v. Top–Flite Golf Co.*, 335 F.3d 15, 23 (1st Cir.2003); *see also Mailhot v. FedEx Ground Package System, Inc.*, 2003 WL 22037314, *3–4 (D.N.H.2003). "As a general matter, these are questions best left for the jury," *Che*, 342 F.3d at 40.

In *Kosereis v. Rhode Island*, the plaintiff, a Turkish-born Muslim employed as a vocational school instructor, filed suit against his former employer, claiming, *inter alia*, that he was subjected to a hostile work environment. *Kosereis*, 331 F.3d at 210. As evidence of his work environment, the plaintiff claimed the residents of the school called him "turkey"; that he was teased about the food he brought to lunch; and that he received repeated reprimands for absenteeism. *Id.* at 216. The plaintiff complained to his supervisor, who met with the children and other staff members on two separate occasions to resolve the problem. *Id.* The District Court of Rhode Island granted summary judgment in favor of the defendants and plaintiff appealed.

The First Circuit found the name calling and the teasing by other teachers in the lunchroom failed to rise to the level of "severe or pervasive conduct" required for a hostile work environment claim. *Id.* (citing *Burlington Indus., Inc. v. Ellerth*, 524

U.S. 742, 754, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). The plaintiff failed to produce any evidence that the comments, either those made by the children or those made by his colleagues, were physically threatening or interfered with his work performance. *Id.* at 216–17. The court found "even less merit" to the plaintiff's claim that he suffered a hostile work environment because of frequent reprimands, which were a consequence of repeated missed days from work. *Id.* (citing *DeNovellis v. Shalala*, 124 F.3d 298, 311 (1st Cir.1997)). The court found that "[a] hostile work environment generally is not created by a 'mere offensive utterance,'" "nor does it arise from 'simple teasing, offhand comments, and isolated incidents.'" *Id.* (internal citations omitted.) Iterating language from the Supreme Court, the First Circuit counseled: "'[c]ommon sense, and an appropriate sensitivity to social context'" must be used "to distinguish between such innocuous behavior and severely hostile or abusive conduct." *Id.* (citing *Oncale*, 523 U.S. at 82, 118 S.Ct. 998).

Ricci has alleged that she suffered "ridicule and insult, not just minor unpleasantness or criticism," while employed by Applebee's; that such ridicule or insult was offensive to her precisely because of her membership in a protected class; and that she endured circumstances sufficiently burdensome to materially alter her employment conditions. *White*, 221 F.3d at 259–60. The evidence Ricci had adduced to date on this issue is hardly overwhelming and it will be her burden at trial to present evidence that "working conditions were so unpleasant that staying on the job while seeking redress would have been intolerable," *Marrero v. Goya of P.R., Inc.*, 304 F.3d 7, 28 (1st Cir.2002). Nevertheless, the Court has concluded that the determination as to whether the work conditions at Applebee's rose to the

level of a hostile work environment is "best left for the jury." *Che*, 342 F.3d at 40. In addition to evidence of Applebee's hostile work environment in support of a claim of improper motive in her constructive discharge claim, Ricci may introduce the hostile work environment claim as an independent cause of action.[2]

## II. Retaliation

Turning to the second question, Applebee's concedes that the Court addressed the issue of whether Ricci suffered an adverse employment action, but contends the Court failed to address two additional issues required for a retaliation analysis: (1) whether a causal connection exists between her complaints of discrimination and the alleged employment actions; and, (2) whether Ricci failed to address the required Title VII/MHRA retaliation framework in her response.

### A. Prima Facie Case.

██ As regards the causal connection issue, to make out a prima facie case of retaliation, Ricci must prove that "[s]he was engaged in protected conduct, that [s]he was discharged, and that there was a causal connection between the discharge and the conduct." *Wright v. CompUSA, Inc.*, 352 F.3d 472, 478 (1st Cir.2003). To clarify the retaliation issue, the court finds there is evidence in the record viewed in a light most favorable to the Plaintiff to satisfy each of the three criteria for a prima facie case of retaliation. Specifically, there is sufficient evidence to raise a jury question as to whether Applebee's retaliated against Ricci in violation of the MHRA in response to her complaint of age

discrimination to Applebee's on July 24, 2000.

### B. Waiver.

██ Applebee's final claim is that because Ricci failed to respond to its retaliation argument, it is entitled to summary judgment on this issue. The Court disagrees. In its Motion for Summary Judgment on the issue of retaliation, after conceding she had engaged in protected conduct, Applebee's made an argument based on the timing of her complaint and the cut back in her hours. Applebee's claimed it began to cut her hours back in either December 2000 or January 2001, before she complained of age discrimination and, therefore, its action could not have been in retaliation against her complaint.

In Ricci's Statement of Material Fact, she raised a genuine issue of material fact as to when she first complained of age discrimination to Applebee's management. Ms. Ricci claims she had complained to Ms. Girard about Kyle Russell's "favoritism to younger college girls" and Ms. Girard allegedly responded that "there was not much she could do about it." *Pl.'s SMF* at 101. She objected to Mr. Wade when he called her "Pepe Le Pew," *Pl.'s SMF* at 105, and to Mr. Harrington about Mr. Wade's ageist comments. *Pl.'s SMF* at 106. She complained to Phil Kirber, Scott Wade, and Bob Harrington that she thought Mr. Russell was discriminating against her because of her age. *Pl.'s SMF* at 118. Although Ms. Ricci agreed she had not used the words "age discrimination," when she had called Applebee's management on July, 24, 2000, she complained

---

**2.** The Court's earlier Order established that evidence of Applebee's hostile work environment would be admissible to prove motivation in the constructive discharge claim. Since the jury will hear Ricci's evidence of Apple-

bee's hostile work environment in any event, the *Che* Court's encouragement to allow the jury to resolve factual questions underpinning hostile work environment claims has special force.

she was receiving less favorable treatment than younger employees. *Pl.'s SMF* at 126 & 127.

It is true that Ricci responded only indirectly to Applebee's retaliation argument; nevertheless, by submitting material facts that contradicted the underlying factual premise of Applebee's argument, the court viewed Ricci as having responded to Applebee's motion for summary judgment on this issue. To rule otherwise would require the Court to grant Applebee's Motion on an issue upon which there is clearly a genuine issue of material fact.

The Court DENIES Applebee's Motion for Summary Judgment on the hostile work environment and retaliation causes of action.